UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SHELLY MENDONCA, as Personal Representative of the Estate of TRISHA MENDONCA, | ) ) ) ) | CIV. 12-5007-JLV |
| Plaintiff, | ) ) ) | ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT |
| vs. | ) ) | AND RECOMMENDATION |
| JORDAN THOMAS WINCKLER and CORPAT, INC., d/b/a ALAMO/NATIONAL CAR RENTAL, | ) ) ) ) ) | |
| Defendants. | ) | |

**INTRODUCTION**

Pending before the court is a motion for summary judgment of defendant Corpat, Inc., d/b/a Alamo/National Car Rental ("Corpat"). (Docket 30). The court referred the motion to Magistrate Judge Veronica L. Duffy for resolution. (Docket 42). On December 11, 2013, Magistrate Judge Duffy filed a report recommending the court grant defendant Corpat's motion for summary judgment. (Docket 47). Plaintiff timely filed objections. (Docket 49). Defendant Corpat filed a response to defendants' objections.[1] (Docket 50).

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897

---

[1]Fed. R. Civ. P. 72(b)(2) allows a party to respond to an opposing party's objections.

F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). For the reasons stated below, plaintiff's objections are overruled. The court adopts the report and recommendation of the magistrate judge in its entirety.

A.     **MAGISTRATE JUDGE'S FINDINGS OF FACT**

Plaintiff' "specifically objects to Section D . . . [as] [t]he Magistrate Judge failed to use the proper standard in reviewing the facts, which is to view the facts in the light most favorable to the non-moving party." (Docket 49 at p. 2). Plaintiff did not object to the recitation of facts at pages 2 through 7 of the report and recommendation. Having carefully reviewed the submissions of the parties, the court adopts the statement of facts at pages 2 through 7 of the report and recommendation. 28 U.S.C. § 636(b)(1)(C).

Plaintiff's objections to Section D of the report and recommendation will be addressed below.

B.     **MAGISTRATE JUDGE'S CONCLUSIONS OF LAW**

Plaintiff's objections to the magistrate judge's conclusions of law, specifically Section D of the report and recommendation, are summarized as follows:

1.     Mr. Dayton should have known of Mr. Winckler's use of marijuana on the day he rented the car, thus rendering Mr. Winckler incompetent to drive; and

2.     Mr. Dayton should have known Mr. Winckler's hand injury rendered Mr. Winckler incompetent to drive.

(Docket 49 at pp. 3-6). Plaintiff did not object to the magistrate judge's conclusion that for a "negligent entrustment claim under Wyoming law, the duty and breach elements require plaintiff to prove that Corpat entrusted a car to Mr. Winckler knowing that Mr. Winckler was incompetent, or under circumstances where Corpat should have known that Mr. Winckler was incompetent." (Docket 47 at p. 21). "What Corpat knew or should have known depends entirely on the appearance of Mr. Winckler when he presented himself to the Corpat desk to rent the vehicle and what Corpat's agent, Dakota Dayton, knew or observed about Mr. Winckler on that occasion." Id. at p. 22. Against this background, each of plaintiff's objections will be addressed separately.

### 1. MR. DAYTON SHOULD HAVE KNOWN OF MR. WINCKLER'S USE OF MARIJUANA ON THE DAY HE RENTED THE CAR, THUS RENDERING MR. WINCKLER INCOMPETENT TO DRIVE

Plaintiff argues the magistrate judge failed to properly consider the following undisputed facts:

1. Mr. Winckler had smoked a full joint with Ms. Mendonca on their way to pick up the rental car at the airport;

2. Mr. Dayton, the rental car agent, grew up around people who smoked marijuana; and

3. Mr. Winckler's urinalysis submitted shortly after the accident tested positive for cannabinoids at 969 ng/mlin.

(Docket 49 at p. 3). Plaintiff argues the magistrate judge failed to consider these "facts in the light most favorable to Plaintiff." Id. The magistrate judge found the following undisputed facts:

1. On the way to the airport, Mr. Winckler and Ms. Mendonca shared a small full joint of marijuana. (Docket 47 at p. 2);

2. Mr. Dayton was familiar with the effects of marijuana on its users. Id. at p. 4; and

3. [After the accident] it was later determined that [Mr. Winckler] did have cannabinoids in his system. Id. at p. 6.

What plaintiff appears to disapprove of are the magistrate judge's conclusions from those undisputed facts. Those conclusions are:

1. Mr. Dayton had no actual knowledge that Mr. Winckler had ingested marijuana immediately prior to renting the Corpat vehicle. Id. at p. 22;

2. Mr. Dayton had no actual knowledge that Mr. Winckler used marijuana generally. Id.; and

3. [T]here are no facts or circumstances from which a reasonable person should have known that Mr. Winckler had just used marijuana before appearing at the Corpat desk. Id.

The circumstances from which a jury may conclude a reasonable person should have known Mr. Winckler was using marijuana before renting the car would include red or glassy eyes, unusual behavior, the smell of marijuana or a masking odor about his person, and the appearance

4

of marijuana on his person or clothing.[2] No evidence of these factors was present at the Corpat rental desk on July 28, 2011. Id. at pp. 22-23. These are the critical observations which plaintiff must present by evidence, not speculation or conjecture, to prove Mr. Dayton knew or should have known Mr. Winckler was incompetent to rent a car and drive on that day. Plaintiff offers no testimony, by expert witness or otherwise, to show the significance of a positive cannaboids test at 969 ng/mlin on an individual some 13 or 14 hours after the rental transaction.

    Once the moving party meets its burden, the nonmoving party may not rest on the allegations or denials in the pleadings, but rather must produce affirmative evidence setting forth specific facts showing that a genuine issue of material fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). See also Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007) (mere allegations, unsupported by specific facts or evidence beyond a nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment); Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (*en banc*) ("The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine

---

    [2]Plaintiff offers no other circumstances or indicies which were present but overlooked by the magistrate judge in completing the analysis of this issue.

issue for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.") (internal quotation marks and citation omitted).

Plaintiff argues ingestion of marijuana could have contributed to Mr. Winckler falling asleep, the vehicle going off the road and striking the guard rail. (Docket 49 at p. 3). Plaintiff's own conclusions, without supporting evidence, are insufficient to create a genuine issue of material fact. Anderson, 477 U.S. at 256; Thomas, 483 F.3d at 527; Torgerson, 643 F.3d at 1042.

Plaintiff's objection on this basis is overruled.

### 2. MR. DAYTON SHOULD HAVE KNOWN MR. WINCKLER'S HAND INJURY RENDERED MR. WINCKLER INCOMPETENT TO DRIVE

Plaintiff argues Mr. Dayton's observation of Mr. Winckler's hand splint should have put Mr. Dayton on notice that Mr. Winckler was incapable of driving. (Docket 49 at p. 4). The undisputed evidence is that "Mr. Dayton did observe the removable splint on Mr. Winckler's right hand, he did not make inquiry of Mr. Winckler to ascertain how he had injured his hand or what the functionality of his hand was at the time of the car rental." (Docket 47 at p. 4). The magistrate judge noted that plaintiff asserted "Mr. Winckler had *no* use of his right hand at the time of the accident." Id. at p. 3 n. 2 (emphasis in original). However, this assertion is contrary to Mr. Winckler's testimony. It is undisputed Mr. Winckler personally drove to the

6

airport to get the rental car. Id. at p. 3. His testimony, unchallenged by contrary medical records or other evidence, was that by July 28, 2011, he "was able to start . . . to slowly . . . try to use [his] fingers." Id. at p. 3 n. 2. Plaintiff acknowledges Mr. Winckler's splint was a removable, temporary cast. (Docket 49 at p. 5).

Plaintiff offers no evidence of "causation between the accident and the splint on Mr. Winckler's hand." (Docket 47 at p. 30). Rather, plaintiff argues "[t]he issue of whether the arm cast/splint rendered Mr. Winckler incompetent to operate the vehicle in a safe manner or more likely to use the vehicle in an unreasonable manner is an issue of fact only for a jury to decide." (Docket 49 at p. 4). "[I]f the cause of the accident is determined to be a defective tire causing the vehicle to leave the roadway, it's just as reasonable for a jury to determine that Mr. Winckler's inability to use his dominant hand to control the vehicle was . . . a cause of the accident." Id. at p. 6.

Plaintiff bears the burden of presenting some evidence upon which a jury could conclude the presence of the splint put Mr. Dayton on notice Mr. Winckler was incompetent to drive and that the condition of his hand was a proximate cause of Ms. Mendonca's death. Plaintiff offered no such evidence for the court to consider. Plaintiff's objections point to no part of the record which identifies evidence creating a material fact issue for trial. Plaintiff's arguments, without supporting evidence, are insufficient to create

a genuine issue of material fact.  Anderson, 477 U.S. at 256; Thomas, 483 F.3d at 527; Torgerson, 643 F.3d at 1042.

Plaintiff's objection on this basis is overruled.

## ORDER

Based on the above analysis, it is hereby

ORDERED that plaintiff's objections (Docket 49) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 47) is adopted in full.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (Docket 30) is granted.

IT IS FURTHER ORDERED that plaintiff's amended complaint (Docket 19) as it relates to the second cause of action: negligent entrustment against defendant Corpat, Inc., d/b/a Alamo/National Car Rental is dismissed with prejudice.

Dated March 18, 2014.

                          BY THE COURT:

                          /s/ *Jeffrey L. Viken*
                          JEFFREY L. VIKEN
                          CHIEF JUDGE